FRANCISCO RIVERA COLLAZO, firmando bajo el nombre de RIVERA COLLAZO & CÍA., demandante y apelante, *v.* EL MUNICIPIO DE SAN JUAN, demandado y apelado.

No. 4217.—*Visto:* Noviembre 29, 1927.   *Resuelto:* Diciembre 13, 1927.

CORPORACIONES MUNICIPALES—ACCIONES CONTRA LAS MISMAS—DE LA DEMANDA —SU SUFICIENCIA.—Sostenida excepción previa de falta de hechos aducida contra una demanda en cobro de $600 importe de materiales o efectos comprados por un municipio de primera clase por no haberse hecho la compra de aquéllos mediante subasta y apareciendo que la Ley No. 11 de 1924 (pág. 77) enmendatoria de la sección 10 de la Ley No. 60 de 1921 es la reguladora del caso y no exige tal subasta cuando el valor de los efectos o materiales no excede de $600, la demanda, en cuanto a ese extremo, es suficiente.

SENTENCIA de Domingo Sepúlveda, J. (San Juan), sobre excepción previa de falta de hechos. *Revocada,* y devuelto el caso.

*Manuel Martínez Dávila,* abogado del apelante; *Leopoldo Feliú* y *M. Rossy,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta contra sentencia que sostuvo la excepción aducida contra la demanda por no aducir hechos determinantes de causa de acción y sin dar permiso para enmendarla la declaró sin lugar.

En la demanda se alega substancialmente lo siguiente: que en enero de 1925 el Dr. Víctor Coll Cuchí, en su carácter de Director de Beneficencia del Municipio de esta ciu-

dad, contrató y compró al demandante, para dicho municipio, dos neveras, por precio ambas de $600: que las neveras fueron compradas por dicho Director de Beneficencia mediante orden escrita en consideración a que se trataba de un caso de emergencia y urgente necesidad, de acuerdo con la sección 24 del Reglamento para el régimen de la contabilidad municipal y para conservar en ellas sueros y drogas del municipio que de otra manera corrían el riesgo de perderse, habiendo sido entregadas las neveras en dicho mes de enero desde cuya fecha han estado en la posesión del municipio, quien las ha usado en sus hospitales: que a fines de junio de 1925 el alcalde de esta ciudad requirió al demandante para que retirara las neveras de las dependencias municipales, a lo que se negó el demandante: que el Alcalde se ha negado a que sean pagadas y que el demandado no ha satisfecho el importe de ellas.

La corte inferior fundó su sentencia contraria al demandante en que la Ley No. 60 de 12 de julio de 1921 requiere en su artículo 10 que las compras de materiales hechas por los municipios de primera clase, como lo es el de San Juan, se hagan por subasta pública cuando su valor exceda de $500; y el apelante admite que ésa es la ley pero que a pesar de ella la compra objeto de este pleito es válida de acuerdo con el artículo 24, apartado "h" del Reglamento para el régimen de la contabilidad municipal aprobado el 26 de mayo de 1920 porque se hizo por el Comisionado de Beneficencia Municipal en un caso de emergencia.

El municipio apelado no presentó alegato escrito en este tribunal pero su abogado fué el único que asistió a la vista de esta apelación, argumentando bajo la base antes dicha de ser necesaria la subasta de acuerdo con esa ley cuando el valor de la cosa que ha de adquirirse es superior a $500.

Es claro que si ésa es la ley aplicable cualquier reglamento que estuviera en conflicto con ella carecería de valor legal y no vemos cómo podría ser enmendada la demanda ni se nos ha demostrado cómo lo sería por lo que debería

ser confirmada la sentencia apelada; pero al estudiar nos-
otros este caso para resolverlo hemos llegado a la conclu-
sión de que tanto el juez de la corte inferior como los abo-
gados de ambas partes están equivocados con respecto a la
ley aplicable a él, pues habiendo ocurrido los hechos alega-
dos en la demanda en el mes de enero de 1925 la ley enton-
ces en vigor es la No. 11 de 1924 que empezó a regir el 1º
de julio de ese año y que enmendó la sección 10 de la ley
No. 60 de 1921 en el sentido de ser necesaria la subasta en
los municipios de primera clase para la adquisición de to-
dos los efectos y materiales cuyo valor o costo exceda de
$600, por lo que no excediendo de esa cantidad el valor de
las dos neveras su adquisición sin subasta no cae dentro
de los límites fijados por esa ley y *la sentencia debe ser
revocada y continuarse los procedimientos,* a menos que
en moción de reconsideración se nos demuestre que la sen-
tencia puede ser sostenida bajo otro precepto de ley.